FREDERICK E. DYER vs. WILLIAM HELSON.

Penobscot.    Opinion March 18, 1918.

*General rule of law as to right of minor child to pledge credit of his father.   Right of
father to the care, custody and control of his child.   General rule of law relat-
ing to rights and duties of parent and child.*

On report.   An action of assumpsit brought to recover for the support and main-
tenance of one Harry Helson, a minor child of defendant, from July 4, 1910, to
September 19, 1916.   Liability denied.

If a child leaves his parent's house voluntarily, for the purpose of seeking his
fortune in the world, or to avoid the discipline and restraint so necessary for the
due regulation of families, he carries no credit and the parent is under no obliga-
tion to pay for his support.

The father is entitled to exercise judgment and supervision as to the wants of the
child, and the character, cost and necessity of the supplies furnished.   The
burden is upon the plaintiff to show that there existed a necessity for furnishing
the supplies, and that this necessity was occasioned by defendant.   It is not
to be presumed that the defendant neglected his duty, or was unwilling to
perform it.

Action to recover for board, lodging and clothing furnished and
provided by plaintiff to minor son of defendant.   Defendant filed
plea of general issue.   At close of evidence, by agreement of parties,
case was reported to Law Court upon certain agreed stipulations.
Judgment for defendant

Case stated in opinion.

*Phillips B. Gardner,* for plaintiff.

*Charles J. Dunn,* for defendant.

SITTING:   CORNISH, C. J., SPEAR, BIRD, PHILBROOK, JJ.

BIRD, J.   The plaintiff sues to recover for the support of one Harry
Helson, a minor child of defendant, from July 4, 1910, to September
19, 1916.   Liability is denied.   The case is presented upon report
with the stipulation of the parties as to the amount of damages if this
court finds the plaintiff entitled to recover.

The law applicable to cases of this character is well established. If a child leaves his parent's house voluntarily, for the purpose of seeking his fortune in the world, or to avoid the discipline and restraint so necessary for the due regulation of families, he carries no credit and the parent is under no obligation to pay for his support. *Angel* v. *McLellan,* 16 Mass., 28, 31. *Weeks* v. *Merrow,* 40 Maine, 151, 152.

The father is entitled to exercise judgment and supervision as to the wants of the child, and the character, cost and necessity of the supplies furnished. The burden is upon the plaintiff to show that there existed a necessity for furnishing the supplies, and that this necessity was occasioned by defendant *Dodge* v. *Adams,* 19 Pick., 429; *Glynn* v *Glynn,* 94 Maine, 465, 469, 471. It is not to be presumed that the defendant neglected his duty, or was unwilling to perform it. *Glynn* v. *Glynn,* supra.

Upon the conflicting evidence in this case, the discussion of which in detail will serve no useful purpose, the court does not feel warranted in concluding that the plaintiff has shown by a preponderance of the evidence that the defendant, the father of the boy, did not treat him with the kindness ordinarily shown by a parent to a child in their station in life or that the child was not adequately maintained in his father's house.

The court is also of the opinion that the plaintiff has not shown by a preponderance of the evidence that the plaintiff expected when the supplies were furnished the minor compensation from the defendant. The parties had no communication one with the other during the period in which the supplies were furnished and we fail to find in the conduct of defendant anything giving the plaintiff reason to expect compensation. See *Clary* v. *Clary,* 93 Maine, 220, 223. *Heron* v. *Webber,* 103 Maine, 178, 182.

Judgment must be entered for the defendant and it is so ordered.