INHABITANTS OF the TOWN OF BRUNSWICK

v.

Theotise LaPRISE.

Supreme Judicial Court of Maine.

Feb. 19, 1970.

Orville T. Ranger, Brunswick, for plaintiff.

Spear & Fitzgerald, by Duane D. Fitzgerald, and Daniel R. Donovan, Jr., Bath, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, WEATHERBEE and POMEROY, JJ.

---

4. Overholser v. Leach, 103 U.S.App.D.C. 289, 257 F.2d 667 (1958).

WILLIAMSON, Chief Justice.

This is an action by the Town of Brunswick to recover for pauper supplies furnished the defendant's minor daughter. The defendant appeals from a judgment of $2,650. No issue was raised by the defendant as to the legality or the extent of the expenditures by the Town under the pauper relief statutes.[1] The Town places liability of the defendant under 22 M.R.S.A. § 4467.[2]

The presiding Justice who heard the action without a jury found in substance as follows:

The defendant's minor daughter in March 1965 ran away from home. In September 1965 the Brunswick Welfare Department brought her, then pregnant, to her father's home. She wanted to stay at home and be cared for there, expressing, however, a desire to return to the putative father of her unborn child on his release from jail. The defendant was willing to pay the expenses of his daughter's support and maintenance including care resulting from her pregnancy on the following condition. We quote from the father's testimony as follows:

"Q. You set conditions that your daughter was to follow if she was to come and live at home?

"A. Yes.

"Q. Were not these conditions that she had to go to a sister's home and to give up the child and put the child up for adoption or place it in a foster home?

"A. Yes, I thought it would be best if the baby was put up for adoption and she got a new start.

"Q. Did you make any overtures or attempts in the period of time from March to September to see your daughter or have her come back home?

"A. No. The police told me that I should not infringe on her rights."

The daughter did not accept the conditions and left home.

The Court found the defendant liable for a reasonable sum expended for the benefit of his daughter, being within his ability to pay, in the sum of $2,650. Hospital expense for the daughter's care in fact exceeded the judgment.

The defendant asserts that the daughter left home voluntarily and that therefore the father had no obligation to pay for her support. He relies heavily on Dyer v. Helson, 117 Me. 203, 103 A. 161 (an action to recover for necessaries).

Liability here, however, rests on Section 4467, supra, of the pauper statute, and not

1. "22 M.R.S.A. § 4458. *Duty of towns to relieve poor*
    Towns shall relieve persons having a settlement therein when, on account of poverty, they need relief."
    "§ 4459. *Overseers' duties; employment of-paupers or dependent persons*
    Overseers shall have the care of all paupers or persons dependent upon the town for their support residing in their town and cause them to be relieved and employed at the expense of the town."

2. "§ 4467. *Liability of relatives for support; procedure*
    The father, mother, grandfather, grandmother, children and grandchildren, by consanguinity, living within the State and of sufficient ability, shall support persons chargeable in proportion to their respective ability. A town, the State or any kindred of a pauper, having incurred expense for the relief of such pauper, may complain to the Superior Court in the county where any of the kindred reside. The court may cause such kindred to be summoned, and upon hearing or default may assess and apportion a reasonable sum upon such as are found to be of sufficient ability for the support of such pauper to the time of such assessment, and shall issue a writ of execution."

on whether the minor daughter left home voluntarily or involuntarily.

The daughter was entitled to relief and the Town provided relief. The father was under a statutory liability to support the daughter, with sufficient ability to pay therefor.

The defendant seeks to place the burden of his daughter's support on the State and hence the taxpayer. Under Section 4467 he cannot escape his lawful burden.

The entry will be

Appeal denied.